**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRINITA FARMER, | No. 20-17008 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-00860-GMN-VCF |
| v. | |
| KENNETH LOPERA, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted July 7, 2021
Pasadena, California

Before: D.M. FISHER,** WATFORD, and BUMATAY, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BUMATAY

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Kenneth Lopera appeals from the district court's interlocutory order denying his motion for summary judgment, which was predicated on the defense of qualified immunity. Because a jury could conclude that Lopera violated Trinita Farmer's clearly established Fourteenth Amendment right to familial association with her deceased son, Tashii Farmer, we affirm.

Farmer's claim is governed by one of two standards—deliberate-indifference or purpose-to-harm—subject to the determination of whether "actual deliberation [was] practical" during the incident. *A.D. v. California Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (quoting *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010)). We need not decide which standard governs because a jury could find a violation of clearly established law even under the more demanding purpose-to-harm standard. As a result, Lopera is not entitled to summary judgment based on qualified immunity.

The district court correctly concluded that a jury could find that Lopera acted with a purpose to harm in violation of the Fourteenth Amendment, and that the law was clearly established at the time of the incident. Under the purpose-to-harm standard, Farmer must establish that Lopera acted with "a purpose to harm[,] unrelated to legitimate law enforcement objectives." *S.R. Nehad v. Browder*, 929 F.3d 1125, 1139 (9th Cir. 2019) (alteration in original) (quoting *A.D.*, 712 F.3d at 453). A purpose to harm can be established even without evidence of bad intent

separate from the use of force because, in some situations, "a use of force might be so grossly and unreasonably excessive that it alone could evidence a subjective purpose to harm." *Id.* at 1140. Farmer presented evidence that could demonstrate Lopera excessively tased Tashii, repeatedly struck him, and continued to apply the neck restraint despite the fact that Tashii had been rendered unconscious, all in violation of Las Vegas Metropolitan Police Department policy. Farmer also presented evidence that Lopera continued to apply the neck restraint despite twice being told to "let him go" by a superior officer, and that Lopera said he had "rear-naked[ed] [Tashii's] ass." From this a jury could conclude that Lopera acted with a purpose to harm and without a legitimate law enforcement objective, as an officer lacks such an objective when he "uses force against a clearly harmless or subdued suspect." *Foster v. City of Indio*, 908 F.3d 1204, 1211 (9th Cir. 2018).

This conduct would constitute a violation of clearly established law since, at the time of the incident, it was clearly established that a police officer who kills a suspect while acting with a purpose to harm unrelated to a legitimate law enforcement objective violates the Fourteenth Amendment. *See id.*; *A.D.*, 712 F.3d at 454.

**AFFIRMED.**

*Trinita Farmer v. Kenneth Lopera*, No. 20-17008
BUMATAY, Circuit Judge, concurring in part and dissenting in part:

I agree with the court that Officer Lopera is not entitled to summary judgment on his qualified-immunity defense at this time. Given that Officer Lopera failed to release the chokehold on Tashii Farmer even after being directed to do so by other officers, a jury could find that Lopera acted with a purpose to harm in violation of clearly established law. I write separately because the court suggests that the deliberate-indifference standard may also govern here. Our precedent dictates that it does not.

The deliberate-indifference standard applies only to circumstances when "actual deliberation is practical." *A.D. v. California Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (simplified). In this context, we are not to interpret deliberation "in the narrow, technical sense." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). Indeed, the Supreme Court has "rejected the deliberate indifference standard even in cases where an officer giving chase could have deliberated while pursuing the suspect." *Id*.

On the other hand, when an officer must make "split-second" decisions in a "rapidly evolving" situation, the purpose-to-harm standard applies. *Id.* An officer violates the Constitution in such situations when acting with a purpose "unrelated to legitimate law enforcement objectives," like bullying or exacting revenge on a suspect. *Id.*

In this case, Trinita Farmer's claim primarily arises from Officer Lopera's alleged prolonged use of a chokehold on Tashii Farmer.  The chokehold lasted no more than 73 seconds.  We have applied only the purpose-to-harm standard to similar facts in the past.  *See, e.g.*, *Zion v. County of Orange*, 874 F.3d 1072, 1077 (9th Cir. 2017); *Jones v. Las Vegas Metro Police Department*, 873 F.3d 1123, 1133 (9th Cir. 2017).  I therefore would affirm the district court's purpose-to-harm ruling and reverse its deliberate-indifference ruling.